Good morning, Your Honor. Jason Carr on behalf of Aaron Schiff, I'm calling on this matter. For a case that involves approximately, well, exactly 11 months' worth of time, there's a lot of complexities embedded in the issue raised here, and perhaps the briefs don't do enough justice to it. And indeed, since this case is based on the Supreme Court precedent set back, or the issue at issue, the assignment of error at issue here, is based on an Indiana v. Edwards, it's interesting to note in that case itself, the court declined to get into exactly the practicalities of how the case would work, determining that that would be best done by the courts in further litigation in the district courts. Now, Indiana v. Edwards was decided in June of 2008, is that right? That's right. And this case was remanded to district court in 2007, and was still in district court when Indiana v. Edwards was decided. Is that also correct? That's right, Your Honor. Why didn't – why isn't this raised for the first time in district court? Well, there are a number of issues to that. The first is, Your Honor, I would argue that it was, in fact – this issue was, in fact, preserved during trial-level proceedings. There was a lot of argument, in fact, when the – Decided – when was this raised, did you say? The actual issue here that – yeah, Indiana v. Edwards was not specifically cited, of course, because it wasn't in existence at trial. Right. My question to you is, Indiana v. Edwards came out. Then you're already in district court. Why didn't you say to Judge Doss that, hey, there's a new case called Indiana v. Edwards, and we're entitled to some relief on this basis? Well, of course, I didn't represent Mr. Schiff at that time. He was pro se. I wasn't appointed until appeal. And he did have to take my – Does that excuse him for not raising it? Excuse me? Well, he still has to raise it, right? I mean – It's not clear at all, Your Honor, in this particular issue. And you can see there's a lot of conceptual difficulties. I don't see – no, I think you're making it more difficult than it is. My question to you is, if the case is extant at the time you're in district court, don't you have to raise it below first before you raise it here? Isn't that the general rule? You have to raise something in the district court before you can complain about it on appeal. Now, if the new case had come up in the meantime, you're excused from that. But since it didn't come up in the meantime, it was already decided when you were back in district court, I don't understand why you don't have to raise it first in district court. Well, there are a couple of reasons, Your Honor. First of all, and this is aside from the issue which I – which my first answer to this question, which is I believe the issue was already preserved at trial-level proceedings even before Indiana v. That's a general competency issue. Well, and it's specifically the issue of competency to represent himself. The question is about the new Supreme Court decision. Yes. Focus on that. I will. I'm sorry. There are a lot of practical difficulties with making an individual representing himself who may be delusional or suffer from a serious mental defect to have to articulate and make that issue apparent to the court. To basically – and I don't think this has been adequately briefed. I know the case law is not clear on this at all. But to make somebody who – the argument here is this person is incompetent to represent himself. To make him have to articulate that issue to the court I think puts an almost intractable burden on the – You're saying under Pate v. Robinson, because the court has a duty to always assess competency, the court itself should have been aware of Indiana without having a pro se defendant bring it up to the court's attention. Correct. But I also would concede that in this unique situation where the court did not have an opportunity to address Indiana v. Edwards, that the remand procedure that's articulated in Ferguson would be the proper response here. Why shouldn't we say go and file a 2255 and let's see what Judge Dawson does with it? And if you win, you win. If you lose, we'll see you back some other time. Well, that's already been done. In fact, the end is 2255, which is currently pending, which incidentally, in direct contrary to what they argued here, they moved to stay that proceeding in the district court level until this appeal was over, the government did. He makes this exact same claim in his 2255. And I will note that under the procedural rules of 2255 – Did you say – what's the status of that? He didn't take any action on it? The government moved the court to stay it pending the resolution of this appeal when he filed his 2255 in district court. Okay. Why shouldn't we say, look, you didn't raise it, this wasn't raised below, appeal dismissed, go back and prosecute your 2255 and we'll see how that comes out? Well, the first thing is that I will note just as a practice standpoint here from my perspective is that there are waiver rules that apply to 2255, and the government would have a strong argument that because I didn't raise this issue at this stage in the proceeding, that that issue would be waived. Well, maybe so, but that's too bad. That's done. So I've raised the issue. The other point here, of course, is that, to get back to my original point, that this issue was in fact preserved. The court went over this issue of whether he was confident to represent himself many times, but just without the legal framework that exists now. The second answer is that I would say that, and this perhaps supplemental briefing would be appropriate on this issue, is that I don't think it's at all apparent that a plain error analysis would apply to this particular issue. And there are some issues that the courts have recognized that error preservation rubrics don't properly apply because of the unique nature of the issue, and I would suggest that that would be the situation here. And for a moment, let's assume that you get past the waiver issue, and we look at the facts as they actually occurred in the court. Aside from the fact that your client does clearly have some mental disability, what in his conduct of his defense would you cite that suggests for a moment that he was incapable of representing himself? He did an extraordinary job, actually. Well, it's interesting, and this is a great question. Thank you. Because what makes this case somewhat unusual and maybe difficult to put in a proper intellectual framework is that the way that Mr. Schiff's mental maladies manifest themselves are directly relevant to the manners in which he was found in contempt. The psychological reports, particularly the government's own expert, warn that he has an inability to focus and to keep his verbal regulation mechanisms in track, that he is fixated on these tax issues and he will talk about nothing else. His position about the tax code, his position about U.S. economics, and that is exactly what happened at trial. He could not stop talking about these things, and it came up over and over again that he wasn't able to comport himself to the procedures of the court because of his mental disability. But with respect, we get tax protester cases all the time, and if there's one common denominator about them, it is that they believe very firmly that there is no constitutional power to tax people, and they feel it so strongly that they go out, they get a lot of people involved and so on. If that is evidence of an Edwards claim, then basically these people are all going to skate because they feel very, very strongly about it, and you frequently get situations where the trial judge admonishes them to stick within the bounds that the law has set. How do we deal with what you're talking about here on a practical basis? It's a rock and a hard place for both this court and the district court, and as the out-of-circuit cases recognize that explicitly, Barry, the seventh circuit case, I believe, which is cited in the briefs, talks about that exactly, what a difficult situation for the trial court. And I would definitely concede that if the Court tried to foist counsel on Schiff or had, then we'd be up here on that issue as well. There's no question about that. What's your answer to the question? What do you cite? What is the best evidence that the judge did at the trial, aside from the fact that he really strongly felt that he wouldn't follow the judge's admonition, what did he do in the trial that suggests he was anything other than a pretty darn good lawyer? Oh, well, the best evidence I have, the canary in the coal mine here, are the repeated comments from co-counsel imploring the Court to do something about the situation. And you can see a good discussion of it occurs on pages 274 to approximately 304 of the record, of the excerpts of record, where the co-counsels are. And they begged the Court to appoint counsel for Mr. Schiff before the trial had even started. But during the trial, they said, Judge, this is not working. He is cognitively incapable of doing this. He is cognitively incapable of following the rules of the Court. He is cognitively incapable of examining witnesses. This trial is a complete circus and train wreck, Judge. You have to do something, or at least get us out. Allow us to be severed from this, because this is a spectacle. And the judge, and this is powerful evidence, and it fits into the – I mean, powerful evidence for me, it fits right into the Ferguson holding. The judge said, well, there's really not much I can do, counsel. You know that, because I am constrained by the Dusky Standard. And that's on page 283 of the record. So the most – the most – the short answer to this question is the best evidence I have is what co-counsel said. But what's interesting is that what Schiff did and the reasons that he was found in contempt are exactly predicted by the psychiatric reports that were filed before trial. They said – they warned that this would happen. This is exactly what would happen. And I would say it is fundamentally unfair to put a mentally ill person in a position where they're incapable of performing and then to hold that person in contempt because, sure enough, they aren't performing to minimal court standards. I see I only have 20 seconds left, but I would like to reserve that for rebuttal if I may. Roberts. Thanks, Mr. Carr. May it please the Court, Gregory Davis for the United States. Good morning. Good morning. I would like to apologize for the misstatement in our brief regarding the filing of the 2255 motion. We do not have any evidence in front of us to support the filing of the 2255 motion, but that doesn't have any effect whatsoever on this appeal. What's the status of that? The correct status? I believe that defense counsel properly represented what happened. I decided to – So it is pending in district court. It is pending in district court, but currently nothing is happening in district court as far as I understand. Was I on the right track? If we were to affirm today, that case would then go forward and play out however it plays? As my understanding, yes, Your Honor. That's correct as far as I know. I see Mr. Carr nodding yes. And this issue would be alive and well in that proceeding? You mentioned something about a waiver. I'm not sure what he was talking about. I'm not entirely sure about the waiver either. Given that they're all part of the convictions, the difference here is that the convictions for all of the things charged in the indictment were affirmed and those cases, that case kind of proceeded separately afterwards. But I can't imagine why the district court would not say, well, given this whole thing happened out of the same course of conduct, same events, how it is that you don't get to raise it as to the contempt charges. It would be difficult to foresee that happening. Counsel, we seem to be getting more and more cases, not all of them tax cases, where people want to represent themselves and then they conduct themselves in a quote, crazy way, in quotes. So as to get basically two, sometimes even three bites to the apple, I'm sure the government sees this a lot as well. We do, yes, Your Honor. Is there anything in the record that you see that suggests that this is something of that nature? Well, we have the district court sentencing, statements at sentencing, that basically Mr. Schiff knew exactly what he was doing, he knew what he wanted to do, and no ethical lawyer would be able to do the kinds of things that he did. And basically it was he was hoping to, I think the judge said something along the lines, he was hoping to convince the jury that either he was nuts or that he really believed, and that way get off the hook. It really gave him an opportunity, did it not, to, if you or your defense counsel colleague there were to get up and say the things that Mr. Schiff did, the court would immediately admonish you and say you misstated the law, right? That's correct. We would be reported to our bars, state bars. And yet Mr. Schiff was able to do that somewhat with impunity until he just went too far. Exactly. The district court judge gave him every opportunity, and eventually the district court judge just was fed up. I certainly understand that. Now, we believe that this is a situation where because Edwards came down before the time of the hearing on the resentencing, the plain error rule applies. He has to establish that there was plain error. He didn't raise Indiana v. Edwards below. And any error here is far from plain. First, the standard in Edwards is permissive. The district court may require, a trial court may require a defendant who is competent, mentally competent, to have a lawyer at trial. But the Supreme Court, perhaps unhelpfully, has not really explained exactly what standards are to be employed. Basically, that's to be left to the discretion of the district courts. Now, we like having district courts have lots of discretion, but it can make things a little more difficult for us on appeal. But I think if you look at the three cases that are most relevant here, the Edwards case, the Ferguson case, and the Thompson case that Judge Smith happened to write, you will see that this is a case that is much more on fours with Thompson than either with Edwards or Ferguson. In Edwards, there were three hearings on the competency of the defendant. Twice he was found incompetent. Eventually he went to trial and was convicted. In Ferguson, the defendant made no opening statements. He didn't cross-examine any witnesses. He didn't make any objections. He didn't present any witnesses. He didn't testify. He didn't make a closing argument. That is very different from the case here where, let's face it, I mean, Mr. Schiff, as Judge Smith said, did a pretty competent job for a nonlawyer. He knew what he wanted to get out of the witnesses. He cross-examined them. He was able to follow lines of cross-examination that, if the jury had accepted them, could have resulted in his acquittal. Also what do we make of co-counsel who are suffering through this and worried about the impact on their clients, not that they, I mean, they have their own claim for severance or denial of severance, but just as contemporaneous observations of the impact on the process. Edwards, whatever problems there may exist with Edwards, one thing it did signal and make explicit is that the right of self-representation is not absolute and it isn't the equivalent of competency to stand trial. It's a different consideration. Now, that nuance on it is something that, under plain error, you know, say it's Pate v. Robinson going all the way back to that. The district court, in running the trial, has an ongoing obligation to make sure that the defendant is competent to stand trial, and presumably that extends to assessing the ability to represent oneself. Are you so confident that this district judge without, you know, would not have come to a different conclusion in the course of proceedings if he had Edwards in front of him and said? I believe I am, Your Honor. I believe if you look at what Judge Smith wrote in the Thompson case, here, if you look at the excerpts of record from the second Ferretti hearing, it's clear that the district court was looking at whether or not Mr. Schiff was able to proceed at trial. Page 223 of the excerpts of record, the question here is are you intellectually competent to handle your defense. The defendant has a, quote, sophisticated approach to an appreciation of the issues. Then you look at, let's see here, excerpts of record page 158. The manager said there's no question that Schiff is competent. The issue is whether defendant's self-representation will cause trial perils. The defendant, I mean, Mr. Schiff says, I may be, quote, I may not be competent enough to represent myself knowing the law. The district court then proceeded extensively to go through and the, excuse me, the manager judge at page 174 of the excerpts of record. I'm sorry. I can't read my handwriting. Page 173. I guess the issue has passed from whether or not you're wise to represent yourself in light of its potential to whether you or not you should represent yourself at all. I mean, what's coming to light here is this morning, certainly by counsel who have been associated with you now for a while, is a fundamental question of whether or not you're going to be able to navigate through the procedures and evidentiary rules of the trial. Where are you reading? Page 174 of the excerpts of record, volume 2. The very top, Your Honor. All right. Then you, page 212 to 213 of the excerpts of record. This morning when we talked about it, it was based primarily on your feeling of being overwhelmed because of the rules of evidence and the technicalities that are all involved here. In that regard, you have the right, if the Court sees fit to appoint what's called a standby counsel for you, who will assist you. Actually, what we're talking about here, we're making a distinction between advisory counsel and standby counsel. So the Court explains that essentially Schiff asked for largely hybrid counsel, which is something that he doesn't get. No one can have hybrid counsel. You then look at pages 235 to 236 of the excerpts of record. The defendant, at first he was equivocal about whether or not he wanted counsel because he was – because of lack of trust of lawyers. He acknowledges he has – he was a bit over his head technically, which is why the Court gave him standby counsel. We think if you look at this record, there's no doubt that the district court judge would not have required Mr. Schiff to proceed with counsel. The government – one of the things the government claims, this is a law of the case issue. But one of the exceptions to that is if there's intervening authority. Do you agree that whether we get to this on the merits or not, the case law – I mean, the law of the case is not controlling in that issue? Not particularly controlling in this instance. That's correct. I mean, we do have the unpublished memorandum opinion where the Court found that obviously he was not – there was no doubt that he required sua sponte, someone that to – for a mental examination for competency to stand trial. I mean, this is different from the other two cases, Ferguson and – excuse me – Ferguson and Edwards, where there was a question of competency. Here we've got the affidavits. None of the affidavits say that he's not competent to stand trial. I mean, yes, there's the government's – the government's expert who says that he might be difficult, but that doesn't mean he's not competent. Thank you, Your Honor. Mr. Carr, you've got about half a minute left. One quick point about the Dr. Hayes report. I've never read, in doing more than 100 appeals, a more exculpatory piece of evidence in a government – in an actual part of the record than that. I mean, that report, given an attorney, would have gone a long way to get an acquittal from Mr. Schiff, because that report essentially says that he is innocent, a lot of these charges, because in tax law, no matter how unreasonable his belief is, if he believes it honestly, he's innocent. And anybody who knows Schiff knows that that's true. The – briefly on the post-conviction waiver, just to explain it briefly, there's a case law, Boozley, from the Supreme Court, which isn't in the briefs. It doesn't need to be discussed. But it says that if I hadn't have raised this issue here in post-conviction, the government would say that I waived it by not raising it when I had an opportunity to, even if this Court finds that it's under a plain-error standard. And I would ask this Court – in Ferguson, there was no indication of error preservation. The Court remanded the matter for further proceedings. If this Court believes that a plain-error standard applies here, I would definitely ask for supplemental briefing on that point, because I don't think that that's clear. And my time is up. So unless the Court has any questions, I'll sit down. Thank you. Thank you, Mr. Carvin. Thank you, Mr. Davis. The case just argued is submitted.
judges: Silverman, Fisher, Smith M.